By the Court,

Cowen, J.
Under our statute, the proceedings in partition were, in legal effect, the same as if the suit had been instituted against the tenants in common with McNair, by name. It was competent for them to contest his seisin in that suit; but it is too late to do so in this collateral proceeding. He appears, however, upon the proof, to have been in upon a sufficient seisin.
But it was said on the argument that no proper affidavit was made, nor any notice published; and that only two of the commissioners met and deliberated. It would be enough to answer, that here was jurisdiction and a judgment; that such matters of mere irregularity cannot be enquired into collaterally. (a) But the objections do not appear to have any foundation in fact. The least we can do is to presume that all was regular till the contrary is shown. Here the defects were not even suggested on the trial.
The verdict professes to have been taken subject to the opinion of this court. There is scarcely a fact so stated in the case, that. we can notice it under our rule prescribing the form of such verdicts. The proceedings in partition and the sheriff’s deed- come nearest to a compliance with the rule; and we have consented to consider the case, though we can by no means consent that, as a form, it should be drawn into precedent.(b)
The defendant derived a complete title under the sheriff’s deed to McNair.
Judgment for defendant.

а) See Butler v. Mayor, &c. of New-York, (1 Hill, 489, 496.) But see Denning v. Corbin, (11 Wend. 647,) in connection with what was said by Bronson, J in Bloom, v. Burdick, (1 Hill, 141.)

 See Banyer and others v. Ellice, (1 Hill, 23.)